## THE CHICAGO CITY RAILWAY COMPANY
## v.
## MARY FREEMAN.

CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.—In actions for damages occasioned by the negligence of servants of a corporation, where the evidence is conflicting, instructions to the jury should be accurate, complete, free from a tendency to mislead, and there should be no discrepancy in them. So, an instruction on the part of the plaintiff as to the liability of the defendant by reason of negligence, is defective if it omit an allegation of due care or want of negligence on the part of the plaintiff.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding. Opinion filed August 5, 1880.

This is an action on the case brought by appellee, in which she recovered damages against appellant for injuries alleged to have been caused by the negligence of its servants in the management of its street cars and turn-table. The first count

Chicago City R'y Co. v. Freeman.

of the declaration alleges that while plaintiff with her husband with all due care and diligence, was riding in a buggy along Indiana Avenue, in Chicago, near its intersection with Thirty-first street, one of the defendant's cars, through the negligence and improper management of defendant's servants, overturned said buggy, whereby the plaintiff was injured. The second count alleges that the accident was caused by the improper management on the part of defendant's servants, of a turn-table appurtenant to defendant's railway. The plaintiff had a verdict for $3500, and the case is brought here by appeal.

Messrs. HITCHCOCK, DUPEE & JUDAH, for appellant; that the burden of proof was upon plaintiff to show due care, cited I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

Upon the question of comparative negligence the instruction should state that the negligence of plaintiff must be slight, and that of defendant gross in comparison: Chicago City R'y Co. v. Lewis, 5 Bradwell, 242; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 428; Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347.

Instructions should state the law with accuracy and precision, and should be consistent: C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Quinn v. Donovan, 85 Ill. 194; Chicago City R'y Co. v. Lewis, 5 Bradwell, 242.

Mr. D. J. LYON and Mr. F. W. BECKER, for appellee; that where the evidence is conflicting, the verdict ought not to be disturbed, cited Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

The giving of an instruction containing an abstract rule of law is not assignable for error: Ryan v. Donnelly, 71 Ill. 100; Hayward v. Merrill, 12 Chicago Legal News, 235.

The omission of the words "while exercising due care" in some of the instructions, if contained in others, is not error: Lodge v. Gatz, 76 Ill. 272; Nor. Line Packet Co. v. Bininger, 70 Ill. 571; T. W. & W. R'y Co. v. Ingraham, 77 Ill. 309; Van Buskirk v. Day, 32 Ill. 260; Chicago v. Hesing, 83 Ill. 204.

Taking all the instructions together the law is stated correctly: Gilchrist v. Gilchrist, 76 Ill. 281.

WILSON, J.   Without referring to the testimony in detail, or expressing any opinion as to the preponderance of the evidence, it is sufficient for our present purpose to say, that the testimony was conflicting.   There was evidence tending to show negligence on the part of the conductor and driver of the defendant's car; and there was also evidence tending to show a want of due caution on the part of the plaintiff and her husband.   The degree of negligence, if any, on the one hand, or of the want of caution on the other, was a proper subject for the consideration of the jury under proper instructions by the court.   But, as was said in Indianopolis and St. Louis R. R. Co. v. Evans, 88 Ill. 63, "in cases of this kind, where there is a conflict of evidence, and where the questions are perhaps doubtful, instructions ought to be accurate, complete and free from any tendency to mislead."

Two of the instructions, the first and sixth, given by the court at the request of the plaintiff, were erroneous, and were misleading in their tendency.   The first was as follows: "The court instructs the jury as a matter of law, that a corporation can only act through its officers, agents, servants, and employes, and is liable for all wrongful and negligent acts or omissions of such officers, agents, servants and which are done, performed or committed by this class of persons while in the discharge of their legitimate duties."

The objection to this instruction is not that it contains a mere abstract proposition, for the giving of such an instruction is not assignable as error if the principle announced be correct and the instruction applicable to the case.   Nor on the other hand, is it error to refuse an instruction though it states the law correctly, if it contain only an abstract proposition.   The giving or refusing such an instruction rests in the discretion of the court.   The fault of the instruction under consideration is that the rule stated in it is not in accordance with the law.   It makes a corporation liable for the wrongful or negligent acts or omissions of its servants and employes, regardless of any question of negligence or want of care, however great on the part of the person injured.   If the doctrine announced in the instruction be true, it would follow that a

Chicago City R'y Co. v. Fieeman.

party injured through the negligence of the servants of a corporation would be entitled to recover, even though the negligence of the defendant was slight and that of the plaintiff's gross, thus reversing the settled law on that subject. The rule in relation to contributory negligence has been so repeatedly declared, both in the Supreme Court and in this court, as to render the citation of cases unnecessary. Here the declaration alleged due care on the part of the plaintiff. The plea of not guilty by the defendant put that allegation in issue, and the burden of proving due care on the part of the plaintiff rested upon her. But the jury were, in effect, instructed that it was unnecessary for her to make any proof on the subject.

The plaintiff's sixth instruction was as follows : " Although the jury may believe from the evidence that at the time in question, the conductor of the car or some other person called out to plaintiff and her husband, with the intention of warning them of danger, yet if they or neither of them heard such warning, and if the plaintiff and her husband were neither of them aware of what was being done with respect to the street-car in question, or of any approaching danger, and proceeded to pass said car, then, notwithstanding such warning was given, if the jury further believe from the evidence that such conductor and the servants of defendant, then in charge of such car, might have prevented or avoided the alleged injury to plaintiff, by the exercise of ordinary care, diligence and attention, and failed to exercise such care and attention, in that behalf, and plaintiff was injured in consequence thereof, then the plaintiff is entitled to recover in this action for such injury.

This instruction has the same vice as the former one. It wholly ignores the necessity of proof of care, on the part of the plaintiff, and gives a right of action even though the plaintiff might have avoided the injury by the exercise of the slightest care. If it were admitted that a want of care ought not to be imputed to the plaintiff for not hearing the warning, it does not follow that it was any the less her duty to look out for danger, and exercise care irrespective of any warning. As has already been seen, that duty rested upon her, and an instruc-

tion which ignored it as a necessary element to her right to recover was erroneous. Neither of the instructions are based upon the theory of willful or criminal negligence. They contain no hypothesis or suggestion of willful or tortious negligence, and if the instruction had been so framed as to express correctly the law arising from willful negligence, we do not think the record discloses evidence on which it could be based.

It is urged by appellee that other instructions were given in which the rule as to contributory negligence was correctly stated. We think that in actions of this nature, especially where the evidence is conflicting, there should be no discrepancy in the instructions. Otherwise, as was said in Chicago City Railway Co. v. Lewis, 5 Bradwell, 242, that which was intended as a guide to lead the jury to correct conclusions would only tend to confuse and lead them astray.

For the error of the court below in giving the plaintiff's first and sixth instructions, the judgment is reversed and the cause remanded.

Reversed and remanded.

Justice McALLISTER did not sit in this case.